**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUOPING ZHANG | No. 08-74518 |
| Petitioner, | |
| v. | Agency No. A097-881-443 |
| ERIC H. HOLDER, JR., U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2013[**]
Pasadena, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BELL,[***] District Judge.

Petitioner Guoping Zhang, a native and citizen of the People's Republic of

China, petitions for review of a decision by the Board of Immigration Appeals

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[**]The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

(BIA) affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). This petition is denied.

Petitioner did not raise arguments before the BIA regarding the IJ's findings on withholding of removal or protection under the CAT. Therefore, Petitioner did not exhaust his administrative remedies in regard to those claims, and we lack jurisdiction to review them. 8 U.S.C. § 1252(d). *See also Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

We do have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the denial of asylum. We review BIA decisions on eligibility for asylum under the substantial evidence standard. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). Under this standard, "a petitioner contending that the Board's findings are erroneous must establish that the evidence not only *supports* that conclusion, but *compels* it." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995).

The applicant for asylum bears the burden of establishing that he is a refugee entitled to asylum within the meaning of section 101(a)(42) of the Immigration and Nationality Act (INA),[1] 8 U.S.C. § 1101(a)(42). 8 U.S.C. § 1158(b)(1)(B)(i). The applicant must demonstrate that he "is unable or unwilling to return to . . . [the

_____

[1]Because Petitioner filed his initial application for asylum in October 2004, The REAL ID Act of 2005 is inapplicable to this petition.

country of his nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

To show past persecution, a petitioner must show, *inter alia*, an incident that rises to the level of persecution. *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir. 2000). The IJ found that Petitioner's single instance of detention in China on account of his whistleblowing did not rise to the level of persecution, and that Petitioner failed to demonstrate a connection between his past mistreatment and a protected ground under the INA. The BIA affirmed these findings. We agree. A single instance of detention and beating, which results in non-serious injuries, does not constitute persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995). Petitioner's testimony was vague as to the extent of the injuries he suffered. Such undetailed testimony, in the absence of corroborating evidence that the beating resulted in serious injuries, does not compel a finding that Petitioner suffered past persecution.

In the absence of past persecution, an applicant must show a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999). A fear is objectively reasonable if there is "a 'reasonable possibility' that [the applicant]

3

will be persecuted" on account of a statutorily-protected ground. *INS v. Elias-Zacarias*, 502 U.S. 478, 489–90 (1992) (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987)). The IJ found that Petitioner's fear of persecution on account of his Christianity was not objectively reasonable. The BIA affirmed this finding and additionally concluded that Petitioner lacked an objectively reasonable fear of persecution based on his past whistleblowing, an issue the IJ did not explicitly reach. We agree. The evidence Petitioner presented on his behalf was minimal and nonspecific. Moreover, the record contains substantial evidence undermining Petitioner's claim that he would be persecuted. In total, the evidence does not compel a finding that there is a reasonable possibility Petitioner would be persecuted upon his return to China, either on account of his Christianity or his past whistleblowing.

    **PETITION DENIED.**